RECEIVED

DEC 3 1 2014

AT 8:30_____M
WILLIAM T WALSH CLERK

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PROFESSIONAL EMERGENCY MEDICAL : 
SERVICES ASSOCIATION OF NEW JERSEY, : 
IAFF LOCAL 4610, PFANJ, AFL-CIO, : 

            Plaintiff, : 

               v. : 

MONMOUTH OCEAN HOSPITAL SERVICES : 
CORPORATION (MONOC), : 

           Defendant. : 

Civil Action No. 13-2135 (MAS) (DEA)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

Plaintiff Professional Emergency Medical Services Association of New Jersey, IAFF Local 4610, PFANJ, AFL-CIO ("PEMSA") moves for reconsideration of this Court's April 28, 2014 Memorandum Order. (Pl.'s Mot., ECF No. 32.) Defendant Monmouth Ocean Hospital Services Corporation ("MONOC") filed opposition (Def.'s Opp'n, ECF No. 34.) The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, PEMSA's motion is denied.

Local Civil Rule 7.1(i) "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion.'" *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule). "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly." *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J.

1994) (citing *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986)). The moving party must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

PEMSA contends that this Court's April 28, 2014 Memorandum Order (ECF No. 31) overlooked the "futility exception" to the general exhaustion requirement articulated in *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965). PEMSA misreads the Court's decision. In fact, the Court considered the futility exception but determined that it did not apply because the employee in question had not "at least attempt[ed] to use the grievance procedure set forth in a collective bargaining agreement before [he sought] redress in the courts." (Mem. Order 2.)

Contrary to PEMSA's assertion, this conclusion is in accord with *Cole v. Pathmark*, 672 F. Supp. 796 (D.N.J. 1987). There, the court observed that "[e]ven where it is argued that pursuit of contractual grievance procedures would be futile, the Supreme Court has made clear that plaintiff *must still attempt to satisfy this requirement*, which can be done by making a showing that the employee made repeated complaints to the company and union officials." *Id.* at 805 (emphasis added). In this case, the Amended Complaint simply did not allege an attempt to exhaust the administrative remedies set forth in the parties' collective bargaining agreement. Accordingly,

**IT IS** on this 31st day of December, 2014, hereby **ORDERED** that PEMSA's motion for reconsideration is **DENIED**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
